[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 448-B
The plaintiff specializes in executive search assistance for various businesses while the defendant operates a variety of educational institutions, including the Branford Hall Career Institute located in Branford, Connecticut.
The principals, David Hart and Andrew Yao, had dealings in 1992 over the defendant's possible acquisition of schools the plaintiff was attempting to broker for the owner.
In December of 1992, Mr. Hart had at least one phone conversation with Mr. Yao (Mr. Hart says at best, three). As a result of a conversation on December 23, 1992, Mr. Hart sent Mr. Yao resumes of two persons he felt would be suitable for an opening in the defendant's recently acquired Branford Hall operation. One of these persons was subsequently hired by the defendant.
In this action, the plaintiff seeks to recover $18,000 as its fee for providing the hired executive to the defendant. There is no written contract between the parties, but the plaintiff relies on his then fee schedule which he claims to have sent to the defendant, their phone conversation of December 23, 1992 and some CT Page 448-C of the material he claims to have faxed to the defendant on January 5, 1993. This allegedly included the two resumes referred to above.
The defendant does not acknowledge receipt of this fax and denies that he hired the defendant to obtain an employee. He admits that in the December 23rd phone conversation Mr. Hart gave him the names of two potential job candidates but claims this was not as a result of any agreement with the plaintiff to provide candidates. Rather, he states that the two names were sort of thrown into the end of the conversation and he assumed this to be an act of good will on the part of Mr. Hart.
As is usually the case when there is no writing to describe the intentions of parties, their confirmed actions and statements must be examined by the trier.
Mr. Hart's "project log" (Exhibit D) supports his claim that he was providing candidates to a potential employer as was his custom. This log would appear to support the faxing of the resumes, the contact of one candidate by Mr. Yao, and Mr. Yao's advising Mr. Hart that he was not hiring the candidate. (He did hire this candidate a short time later.)
Mr. Yao's explanation of his discussion with Mr. Hart as CT Page 448-D representing a good will gesture by Mr. Hart suggests a certain degree of naivete on the part of Mr. Yao. They are two sophisticated and experienced businessmen and the court finds it hard to believe that Mr. Yao did not question the reason for Mr. Hart's interest in the progress of his meeting with the proposed candidate.
The major weakness to Mr. Hart's case, however, is the lack of any documentation to set forth the fee arrangement. Exhibit A, the defendant's fee schedule, is not signed by Mr. Yao nor is there any evidence that he accepted it as the basis for the subsequent discussions of the two candidates.
The court is therefore obliged to conclude that the plaintiff has not sustained his burden of proof on the first count sounding in contract.
The plaintiff's second count claims recovery on a quantum meruit theory. There is no question that the defendant hired a candidate referred to him by Mr. Hart. That person remained in the defendant's employ for over a year. Thus, the defendant received a benefit from the plaintiff's efforts, whatever they were intended to be.
Mr. Yao testified that he used executive search groups and CT Page 448-E also entered into written agreements for a commission ranging from 15% to 28% of the first year's salary of the employee. Mr. Hart stated that his standard charge was 30% of the first year's salary. In the absence of a written agreement, and the disparity in rates paid by the defendant and asked by the plaintiff, the court concludes that the defendant had to have received a benefit worth at least the minimum amount he would have paid had this been a normal contractual arrangement.
For the court to arrive at another figure would be pure conjecture as no evidence was offered as to a "reasonable value" for the plaintiff's services.
Therefore, judgment may enter for the plaintiff to recover $9,000, derived at by computing the fee at 15 % of the $60,000 salary paid the first year by the defendant. This is found to be the reasonable value of the plaintiff's services.
Anthony V. DeMayo Judge Trial Referee